**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                                                Case No. 07-32016

WEBB MTN, LLC

        Debtor

**MEMORANDUM ON DEBTOR'S
MOTION FOR RECONSIDERATION AND TO
<u>ALTER OR AMEND ORDER DISMISSING CHAPTER 11 CASE</u>**

**APPEARANCES:**     GENTRY, TIPTON & McLEMORE, P.C.
                           Maurice K. Guinn, Esq.
                           Post Office Box 1990
                           Knoxville, Tennessee 37901
                           Attorneys for Debtor

                        HODGES, DOUGHTY & CARSON
                           Thomas H. Dickenson, Esq.
                           Post Office Box 869
                           Knoxville, Tennessee 37901-0869
                           Attorneys for Kenneth Whaley, Greenbrier Developers, LLC,
                             M & A Enterprises, Inc., Executive Realty Partnership, L.P., and
                             Gerald Franklin, Trustee

                        RICHARD F. CLIPPARD, ESQ.
                        UNITED STATES TRUSTEE
                           Patricia C. Foster, Esq.
                           800 Market Street
                           Suite 114
                           Knoxville, Tennessee 37902
                           Attorneys for United States Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Motion of Webb Mtn, LLC for Reconsideration and to Alter or Amend Order and Judgment Dismissing Chapter 11 Case (Motion to Alter or Amend) filed by the Debtor on September 26, 2007, asking the court to alter or amend its September 17, 2007 Order granting the Motion to Dismiss Chapter 11 Case (Motion to Dismiss) filed on August 10, 2007, by Kenneth Whaley, Greenbrier Developers, LLC, M & A Enterprises, Inc., Executive Realty Partnership, LP, and Gerald Franklin (collectively, Movants) and dismissing the Debtor's Chapter 11 case.  The Motion to Alter or Amend was accompanied by a Brief in Support of Motion of Webb Mtn, LLC for Reconsideration and to Alter or Amend Order and Judgment Dismissing Chapter 11 Case.  The Movants filed a Brief in Opposition to Motion of Webb Mtn, LLC for Reconsideration and to Alter or Amend Order and Judgment Dismissing Chapter 11 Case (Opposition Brief) on October 8, 2007, and on October 17, 2007, the Debtor filed a response to the Opposition Brief entitled "Debtor's Brief in Reply to Dismissal Movants' Brief in Opposition to Motion of Webb Mtn, LLC for Reconsideration and to Alter or Amend Order and Judgment Dismissing Chapter 11 Case" (Debtor's Reply Brief).  Thereafter, on October 18, 2007, the Debtor filed a Supplement to Motion of Webb Mtn, LLC for Reconsideration and to Alter or Amend Order and Judgment Dismissing Chapter 11 Case (Supplemental Motion to Alter or Amend) to which it appended the Affidavit of Jack Collier in Support of Supplement to Motion of Webb Mtn, LLC for Reconsideration and to Alter or Amend the Order and Judgment Dismissing Chapter 11 Case (Collier Affidavit).  Finally, on October 22, 2007, the Movants filed a Brief in Opposition to Supplement to Motion of Webb Mtn, LLC for Reconsideration and to Alter or Amend Order and Judgment Dismissing Chapter 11 Case.

# I

An evidentiary hearing on the Motion to Dismiss was held on September 11, 2007. Thereafter, on September 17, 2007, the court filed a Memorandum on Motion for Entry of Order Determining That Debtor is Subject to the "Single Asset Real Estate" Provisions of 11 U.S.C. § 362(d)(3) and Motion to Dismiss Chapter 11 Case (Memorandum Opinion) and corresponding Order dismissing the Debtor's case (Dismissal Order) pursuant to 11 U.S.C. § 1112(b) (2005) for cause, finding that the Debtor's Chapter 11 case was filed in bad faith. In reaching its decision, the court determined that the Debtor's pre-petition conduct supported a finding that, based upon a totality of the circumstances and the factors set forth in *Laguna Assocs., L.P. v. Aetna Cas. & Surety Co. (In re Laguna Assocs., L.P.)*, 30 F.3d 734, 738 (6th Cir. 1994), weighed against a good faith filing. *See* MEM. OP. at 6-14. The findings supporting the Dismissal Order are set forth in detail in the Memorandum Opinion and will not be restated here.

In summary, the Debtor, through its sole member, Jack Collier, purchased 1,865.60 acres of real property in Sevier County, Tennessee, known as Webb Mountain (Webb Mountain Property), for a purchase price of $27,975,000.00. Movants financed $26,225,000.00 through five promissory notes, each having a maturity date of January 3, 2007. The Debtor made payments totaling $3,250,000.00 on June 23, 2006, and paid in its entirety a note to M & A Enterprises, Inc. on December 8, 2006, but it did not pay the remaining notes as required, and Movants commenced foreclosure proceedings.

In order to prevent foreclosure of the Webb Mountain Property, the parties, on March 27, 2007, entered into a Conditional Extension of Borrowers' [sic] Obligation Under Promissory Notes, part of which required the Debtor to execute four quit claim deeds to be held in escrow until June 26, 2007. If the Debtor had not paid all past due amounts by June 26, 2007, the Movants were entitled to record the quit claim deeds transferring the Webb Mountain Property back to them. The Debtor did not make the required payments, but the filing of its bankruptcy case on June 25, 2007, stayed the ability of Movants to record the quit claim deeds.

Following the Motion to Dismiss and the subsequent evidentiary hearing, the court filed its Memorandum Opinion and the Dismissal Order, dismissing the Debtor's Chapter 11 case on September 17, 2007. The Movants state in their Opposition Brief that they recorded the four previously executed quit claim deeds transferring all but a 131.56 acre tract of the Webb Mountain Property back to them on September 18, 2007.[1] They argue that the Debtor's Motion to Alter or Amend should be denied as moot because the Debtor failed to obtain a stay of the Dismissal Order. According to the Movants, the court cannot, therefore, fashion the relief sought.

In the Debtor's Reply Brief, filed on October 17, 2007, the Debtor goes to considerable lengths to counter the Movants' mootness argument. While the court finds the mootness issue interesting, it also finds it to be misplaced and somewhat of a red herring. The court is not dealing with a motion for a stay of the Dismissal Order where the mootness issue might arguably have some relevancy. *See* FED. R. BANKR. P. 8005 ("A motion for a stay of the judgment, order, or decree of

---

[1] Unauthenticated copies of four quit claim deeds dated March 27, 2007, signed by Jack Collier in his representative capacity as "Managing Member / Sole Member" of the Debtor, evidencing their registration with the Sevier County Register of Deeds on September 18, 2007, are attached as an exhibit to the Opposition Brief.

4

a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge in the first instance."). Rather, the court is dealing with the Debtor's Motion to Alter or Amend which must be resolved in accordance with the appropriate Federal Rules of Civil Procedure, as made applicable to this bankruptcy case by the Federal Rules of Bankruptcy Procedure. Furthermore, to consider the copies of the four quit claim deeds appended to the Movants' Opposition Brief would serve to give them evidentiary value to which they are not entitled. The court will not consider documents appended to a brief for purposes of argument when those documents have not been properly authenticated.

## II

In its Motion to Alter or Amend, the Debtor makes the following arguments: (1) that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) eliminated "bad faith" as a basis for dismissal, instead, setting forth an exclusive list of what constitutes "cause" for dismissal under § 1112(b); (2) that, notwithstanding the elimination of this basis, the facts do not establish bad faith by the Debtor; (3) that the court failed to consider the "unusual circumstances" exception to § 1112(b); and (4) that the court failed to consider the "justification/cure" exception to § 1112(b). For relief, the Debtor requests that the Dismissal Order be vacated, that the quit claim deeds in lieu of foreclosure recorded by Movants on September 18, 2007, be declared null and void, and that their claims and liens be reinstated.

The Debtor first grounds its Motion to Alter or Amend on Rule 52(b) of the Federal Rules of Civil Procedure which provides, in material part: "[o]n a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – or make additional findings – and

5

may amend the judgment accordingly." FED. R. CIV. P. 52(b) (applicable to contested matters by virtue of Rule 9014(c) of the Federal Rules of Bankruptcy Procedure).  "As a general rule a motion to amend the Court's findings of fact should be based on a 'manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'" *In re Novak*, 223 B.R. 363, 371 (Bankr. M.D. Fla. 1997) (quoting *Ramos v. Boehringer Manheim Corp.*, 896 F. Supp. 1213, 1214 (S.D. Fla. 1994)).  In addition to cases of manifest factual error, relief under Rule 52(b) may be appropriate when a party has newly discovered evidence available or when the court needs to clarify the record for appeal. *Dow Chem. Co. v. United States*, 278 F. Supp. 2d 844, 847 (E.D. Mich. 2003); *see also Nat'l Metal Finishing Co., Inc. v. Barclays/American/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990); *In re Smith Corona Corp.*, 212 B.R. 59, 60 (Bankr. D. Del. 1997).

In addition, the Debtor cites to Federal Rule of Civil Procedure 59(e), which is applicable in contested matters pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, and states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e).  "Motions to alter or amend [a] judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1998) (internal citations omitted); *see also In re Barber*, 318 B.R. 921, 923 (Bankr. M.D. Ga. 2004) (Rule 59(e) "can only be used in limited circumstances, and should be used sparingly.").

However, consideration of a motion under Rule 59(e) does not allow the party to reargue its case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see also Mathis v. United States (In re Mathis)*, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) ("The

6

function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment.") (citations omitted). "Nor should Rule 59(e) be viewed as a means for overcoming one's failure to litigate matters fully." *Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.)*, 201 B.R. 1014, 1018 (Bankr. N.D. Ga. 1996). "Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion." *In re See*, 301 B.R. 554, 555 (Bankr. N.D. Iowa 2003).

### III

The Collier Affidavit appended to the Supplemental Motion to Alter or Amend contains an exhibit consisting of a letter from Providence Funding, Inc., dated October 17, 2007, entitled "Term Sheet Commercial Loan," that "confirm[s] the interest of Providence Funding, Inc." in providing funding to the Debtor in the amount of $12,500,000.00 upon the satisfaction of certain conditions (October 17, 2007 Letter). The October 17, 2007 Letter clearly states on page 6 that "this Term Sheet is not a 'loan commitment' or agreement by Providence Funding, Inc. to perform any undertaking . . . [.]" In its Supplemental Motion to Alter or Amend, the Debtor states that "[t]he Providence Letter is compelling evidence that the Debtor will be able to obtain the financing necessary to continue development of the Webb Mountain Properties and to satisfy the indebtedness owed to [Movants]." The court does not agree because the October 17, 2007 Letter commits Providence Funding, Inc. to nothing.

Furthermore, regardless of the import of the October 17, 2007 Letter, "[w]hen supplementing a Rule 59(e) motion, with additional evidence, the movant must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Cherry v. Bowman*, 901 F.2d 1053, 1057 n.6 (11th Cir. 1990). "[T]he failure to file documents in an original motion or opposition does not turn the late-filed documents into 'newly discovered evidence.'" *Sch. Dist. No. IJ Multnomah County, Or. v. AcandS, Inc.*, 5F.3d 1255, 1283 (9th Cir. 1993). "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Gencorp, Inc.*, 178 F.3d at 834.

Even though the letter from Providence Funding, Inc., did not exist until October 17, 2007, it does not constitute "previously unavailable" evidence. "[U]nder Rules 59 and 60(b)(2), newly discovered evidence must pertain to facts which existed *at the time of trial*." *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 135 (6th Cir. 1990) (quoting *Boyd v. Bulala*, 672 F. Supp. 915. 922 (W.D. Va. 1987), *rev'd in part on other grounds by* 877 F.2d 1191 (4th Cir. 1989). As the Debtor states in the Supplemental Motion to Alter or Amend, at the time of trial, it was negotiating with Providence Funding, Inc. but was "waiting for the revised commitment." TR. at 113. However, at no time did the Debtor seek to continue the trial in order to have additional time for these negotiations to be completed, nor did the Debtor produce any documentation at trial evidencing terms of any negotiations in process and the likelihood that a commitment letter would be forthcoming. As in the *Gencorp* case, "[a]lthough the [October 17, 2007 Letter] did not technically exist prior to the . . .

8

court's [September 17, 2007] order, it was certainly within [the Debtor's] power and control to revise the [October 17, 2007 Letter] prior to the . . . court's ruling." *Gencorp, Inc.*, 178 F.3d at 834.

Moreover, under both Rule 52 and Rule 59, the Debtor's argument that BAPCPA eliminated "bad faith" as "cause" under § 1112(b) cannot be addressed in its Motion to Alter or Amend. At trial, the Debtor's counsel in oral argument stated that the Debtor expressly "recognizes that the Court will apply the *Laguna* factors and so be it. We interpret them differently than the Movants interpret [them]." TR. at 142. At no time did the Debtor in its Response of Webb Mtn, LLC to Motion to Dismiss Chapter 11 Case filed on August 30, 2007, in its Memorandum Brief of Webb Mtn, LLC Supporting Response to Motion to Dismiss and Objection By Webb Mtn, LLC to Motion for Entry of Order Determining That Debtor is Subject to the "Single Asset Real Estate" Provisions of 11 U.S.C. § 362(d)(3) (Pretrial Brief) filed on September 4, 2007, or at the September 11, 2007 trial suggest or argue that "bad faith" was no longer "cause" under § 1112(b) to dismiss a Chapter 11 bankruptcy case.[2] Additionally, the court will not now consider the Debtor's arguments that it failed to consider the "unusual circumstances" and/or the "justification/cure" exceptions to dismissal under § 1112(b) because neither of these issues were raised or argued at trial. "A party 'may not use a Rule 59(e) motion to raise arguments available but not advanced at the hearing.'" *Barber*, 318 B.R. at 923 (quoting *In re Kellogg*, 197 F.3d 1116, 1120 (11th Cir. 1999)). Clearly, the court's failure to "specifically" identify "unusual circumstances" is, in itself, a finding that such circumstances did not exist.

---

[2] In fact, the Debtor cited *Laguna* in its Pretrial Brief as Sixth Circuit authority "important in determining whether a debtor has filed its bankruptcy petition in good faith" and then argued each of the eight *Laguna* factors and their inapplicability to the facts of the present case. DEBTOR'S PRETRIAL BRIEF, at 10-13.

9

The Debtor has not cited to any authority in its Motion to Alter or Amend to convince the court that the Sixth Circuit will not continue to apply the *Laguna* "bad faith" factors to the filing of a Chapter 11 petition under BAPCPA.  In fact, the Supreme Court's recent determination that even though "bad faith" is not expressly listed in the reasons for conversion or dismissal of Chapter 13 cases under 11 U.S.C. § 1307(c) (2005), which, like § 1112(b), provides a list of eleven "nonexclusive" reasons justifying relief,[3] "[b]ankruptcy courts nevertheless routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause.'" *Marrama v. Citizens Bank*, 127 S. Ct. 1105, 1111 (2007).  There is no reason to believe that § 1112(b) does not carry the same "implicit" authority.

The court considered each of the bad faith requirements set forth in *Laguna*, which remains the law in the Sixth Circuit, and found that most of the factors were present, that the Debtor's case was filed in bad faith, and that dismissal was warranted.  MEM. OP. at 6-7.  Nothing argued by the Debtor in its Motion to Alter or Amend and Supplemental Motion to Alter or Amend changes that conclusion.

---

[3] Section 1112(b)(4) provides that "cause" for conversion or dismissal "includes" the sixteen examples enumerated therein.  Clearly, the term "includes" is expansive and not limiting.  *See* 11 U.S.C. § 102(3) (2005) which states that "'includes' and 'including' are not limiting[.]"

  For the above reasons, an order consistent with this Memorandum denying the Debtor's Motion to Alter or Amend will be entered.

FILED:  October 23, 2007

            BY THE COURT

            */s/  RICHARD STAIR, JR.*

            RICHARD STAIR, JR.
            UNITED STATES BANKRUPTCY JUDGE