**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                                                                     Case No.  07-32016

**WEBB MTN, LLC**

              Debtor

**MEMORANDUM ON MOTION BY WEBB MTN, LLC
FOR STAY OF ORDER PENDING APPEAL**

**APPEARANCES:**    GENTRY, TIPTON & McLEMORE, P.C.
                              Maurice K. Guinn, Esq.
                              Post Office Box 1990
                              Knoxville, Tennessee  37901
                              Attorneys for Debtor

                            HODGES, DOUGHTY & CARSON
                              Thomas H. Dickenson, Esq.
                              Post Office Box 869
                              Knoxville, Tennessee  37901-0869
                              Attorneys for Kenneth Whaley, Greenbrier Developers, LLC,
                                M & A Enterprises, Inc., Executive Realty Partnership, L.P., and
                                Gerald Franklin, Trustee

                            RICHARD F. CLIPPARD, ESQ.
                            UNITED STATES TRUSTEE
                              Patricia C. Foster, Esq.
                              800 Market Street
                              Suite 114
                              Knoxville, Tennessee  37902
                              Attorneys for United States Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Motion By Webb Mtn, LLC For Stay of Order (Motion For Stay) filed by the Debtor on October 29, 2007, asking the court to grant a stay of the September 17, 2007 Order dismissing the Debtor's Chapter 11 case pending its appeal to the United States District Court for the Eastern District of Tennessee. On November 12, 2007, Kenneth Whaley, Greenbrier Developers, LLC, M & A Enterprises, Inc., Executive Realty Partnership, L.P., and Gerald Franklin, Trustee (Movants), filed a Response to Motion of Webb Mtn, LLL [sic] For Stay of Order (Response). Attached to the Response are the Affidavit of Gerald Franklin and the Affidavit of Kenneth Whaley. Both Affidavits attest to the recording of four quit claim deeds dated March 27, 2007, which were executed by Jack Collier in his representative capacity as "Managing Member" of the Debtor and recorded with the Register of Deeds for Sevier County, Tennessee, on September 18, 2007, subsequent to the dismissal of the Debtor's case. These four deeds, which were held in escrow prior to dismissal of the Debtor's Chapter 11 case, transferred four tracts of real property in Sevier County, Tennessee, consisting of approximately 1,734.04 acres, and known as Webb Mountain (Webb Mountain Property) from the Debtor to the Movants.[1] The Debtor filed the Debtor's Reply to Dismissal Movants' Response to Motion to [sic] Stay Pending Appeal on November 15, 2007.

---

[1] Under the terms of a Conditional Extension of Borrowers' [sic] Obligation Under Promissory Notes entered into between the Debtor and the Movants on March 27, 2007, the Movants adjourned foreclosure sales on the Webb Mountain Property to a date after June 25, 2007, and the Debtor, through Mr. Collier, executed the quit claim deeds transferring the Webb Mountain Property back to the Movants which were to be held in escrow until after June 26, 2007, at which time, if the Debtor was still in default, they could be recorded. The executed quit claim deeds were delivered to Patrick Harrell and held in a safety deposit box at Smart Bank until after dismissal of the case on September 17, 2007.

Case 3:07-bk-32016-SHB   Doc 92   Filed 11/20/07   Entered 11/20/07 13:02:33   Desc
Main Document    Page 3 of 10

**I**

The facts of this case have been fully stated in both the court's Memorandum on Motion For Entry of Order Determining That Debtor is Subject to the "Single Asset Real Estate" Provisions of 11 U.S.C. § 362(d)(3) and Motion to Dismiss Chapter 11 Case filed on September 17, 2007, and the Memorandum on Debtor's Motion For Reconsideration and to Alter or Amend Order Dismissing Chapter 11 Case filed on October 23, 2007, and will not, therefore, be restated herein. However, the procedural history is as follows.

On June 25, 2007, the Debtor filed the Voluntary Petition commencing its Chapter 11 bankruptcy case, and on August 10, 2007, the Movants filed a Motion to Dismiss Chapter 11 Case (Motion to Dismiss). An evidentiary hearing on the Motion to Dismiss was held on September 11, 2007, and on September 17, 2007, the court granted the Motion. On September 26, 2007, the Debtor filed the Motion of Webb Mtn, LLC For Reconsideration and to Alter or Amend Order and Judgment Dismissing Chapter 11 Case, which was denied by an Order entered on October 23, 2007. On October 29, 2007, the Debtor filed a Notice of Appeal and this Motion For Stay.

**II**

The Motion For Stay is governed by Rule 8005 of the Federal Rule of Bankruptcy Procedure, which states, in material part:

> A motion for stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court . . . reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under

> the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

FED. R. BANKR. P. 8005. Whether to grant a motion for a stay pending appeal is within the court's discretion, *In re Level Propane Gases, Inc.*, 304 B.R. 775, 777 (Bankr. N.D. Ohio 2004), and in making its determination, the bankruptcy court looks to the following factors:

> [W]e consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Stephenson v. Rickles Elecs. & Satellites (In re Best Reception Sys., Inc.)*, 219 B.R. 988, 992 (Bankr. E.D. Tenn. 1998) (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). The Debtor, as movant, bears the burden of proving each factor by a preponderance of the evidence. *Level Propane Gases*, 304 B.R. at 777.

In *Griepentrog*, the Sixth Circuit Court of Appeals set forth the following standard for the balancing test:

> [A] motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.
>
> To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This

>relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."
>
>. . . .
>
>Of course, in order for a reviewing court to adequately consider these four factors, the movant must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist. This, in turn, develops an adequate record from which we can determine the merits of the motion.

*Griepentrog*, 945 F.2d at 153-54 (internal citations omitted). "These factors are to be balanced[,]" *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002), but *Griepentrog* does not require the court to balance each of the four factors equally. In summary,

>[t]he strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue. However, in order to justify a stay of the district court's ruling, the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted.

*Baker*, 310 F.3d at 928.

### A

In order for the court to grant the Motion For Stay, the Debtor must, at a minimum, prove that it stands more than a mere possibility of success in its appeal. To this end, the Debtor has offered nothing concerning its likelihood of success on appeal other than to state that it "believes there is a substantial possibility it will prevail on the appeal based on arguments contained in Debtor's Brief in Support of Motion For Reconsideration" which are as follows: (1) that bad faith has been

eliminated by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 as a basis for dismissal under 11 U.S.C. § 1112(b) (2005); (2) that notwithstanding, the facts do not establish bad faith; and (3) that the court failed to consider the "unusual circumstances" and "justification/cure" exceptions to § 1112(b).  Two of these arguments, the elimination of bad faith as a basis for dismissal and the failure to consider the exceptions to § 1112(b), were not raised at trial but for the first time in the Motion of Webb Mtn, LLC For Reconsideration and to Alter or Amend Order and Judgment Dismissing Chapter 11 Case filed on September 26, 2007.

While there is an "inherent conflict of a rendering court determining the probability that its own judgment will or will not be reversed on appeal," *In re Cacioli*, 302 B.R. 429, 431 (Bankr. D. Conn. 2003), the Debtor must nevertheless offer something more than an assertion that it expects to succeed on the merits in order to prove to the court the existence of serious questions as to the merits of the case and a reasonable possibility that it will, in fact, succeed on the merits of its appeal in order to justify granting the Motion For Stay.  This it has not done.  The Debtor's assertions are not backed up by any substantial proof, but instead, are "speculative and theoretical." *Griepentrog*, 945 F.2d at 154.

The court has already addressed each of the Debtor's arguments to be raised on appeal in its Memorandum on Debtor's Motion For Reconsideration and to Alter or Amend Order Dismissing Chapter 11 Case filed on October 23, 2007, and has ruled that the two issues not raised at trial cannot be addressed for the first time in a request for post-judgment relief.  MEM. OP. at 9; *see also Watt v. GMAC Mortgage Co.*, 457 F.3d 781, 783-84 (8th Cir. 2006) ("A party generally may not use a post-judgment motion to present a new theory or argument[.]").  The court additionally found that

there is no basis or authority to evidence that the Sixth Circuit will no longer implicitly read into § 1112(b) a bad faith basis for dismissal or apply the factors set forth in *Laguna Assocs., L.P. v. Aetna Cas. & Surety Co. (In re Laguna Assocs., L.P.)*, 30 F.3d 734, 738 (6th Cir. 1994). MEM. OP. at 10. The Debtor has not offered authority, additional facts, or any evidence in its Motion For Stay to change this determination, and this factor alone, under the authority of *Griepentrog* is sufficient to deny the motion. *Griepentrog*, 945 F.2d at 154; *Best Reception Sys.*, 219 B.R. at 995. Nevertheless, the court is directed by *Griepentrog* to examine each factor, which, in this case, further evidences that the remaining factors do not support granting the Motion For Stay for the reasons set forth below.

**B**

The Debtor has stated that it will be irreparably harmed if a stay is not granted because its "opportunity to reorganize will be derailed, and the Debtor's property may be the subject of further actions of the Dismissal Movants to transfer or dispose of it." However, the Debtor has not offered any proof that it will suffer irreparable harm if the Motion For Stay is not granted, but instead, it has simply made another unsubstantiated assertion. Furthermore, it requests relief with respect to real property that it apparently no longer owns.

> With respect to irreparable harm, the Sixth Circuit has stated the following:
>
> In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that

> [t]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.
>
> In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again.

*Griepentrog*, 945 F.2d at 154 (quoting *Sampson v. Murray*, 94 S. Ct. 937, 953 (1974)).

When the Debtor's case was dismissed on September 17, 2007, the automatic stay terminated by operation of law under 11 U.S.C. § 362(c) (2005), and the Movants were within their rights to record the escrowed Quit Claim Deeds transferring the Webb Mountain Property back to them, which they did on September 18, 2007. WHALEY AFF. ¶ 6. Furthermore, the filing of the Debtor's Motion to Alter or Amend under either Rule 52(b) or 59(b) of the Federal Rules of Civil Procedure did not stay the termination of the automatic stay or prevent the Movants from lawfully recording the quit claim deeds executed by the Debtor.[2]

In short, imposition of a stay pending appeal does nothing to change the fact that the owners of record of the Webb Mountain Property are now the Movants and not the Debtor. The Quit Claim

---

[2] In general, Rule 62 of the Federal Rules of Civil Procedure prevents parties from executing upon judgments for a period of ten days following entry thereof. *See* FED. R. CIV. P. 62. This Rule applies in adversary proceedings by virtue of Rule 7062 of the Federal Rules of Bankruptcy Procedure; however, Rule 62 was expressly omitted from application in contested matters under Rule 9014(c) by the 1999 amendments. Rather, amendments to Bankruptcy Rules 3020, 4001, 6004, and 6006 automatically stay certain types of orders for a period of ten days unless the court orders otherwise. *See* FED. R. BANKR. P. 3020(e) (stays an order confirming a plan in a Chapter 11 case), 4001(a)(3) (stays an order granting relief from the automatic stay), 6004(g) (stays an order authorizing the use, sale, or lease of property other than cash collateral), and 6006(d) (stays an order authorizing the trustee to assign an executory contract or unexpired lease). The Debtor did not request a stay from the effect of the September 17, 2007 Order dismissing the bankruptcy case under Rule 8005 until it filed the present Motion For Stay on October 29, 2007.

Deeds were recorded after the automatic stay of § 362(a) had terminated, and neither the Federal Rules of Civil Procedure nor Federal Rules of Bankruptcy Procedure imposed a stay that precluded the recordation by the Movants of the four Quit Claim Deeds. Imposing the stay at this point would not reinstate the automatic stay retroactively to September 17, 2007, would not void the recorded Quit Claim Deeds, and would not transfer title of the Webb Mountain Property back to the Debtor. There is no irreparable harm to the Debtor because imposing the stay after the fact would accomplish nothing.

## C

The Debtor also states in its Motion For Stay that there will be no substantial harm to the Movants if the motion is granted; however, once again, other than a blanket statement to this effect, the Debtor offers nothing further. On the other hand, in his Affidavit, Mr. Whaley states the following to evidence the harm that he will continue to suffer if the motion is granted:

> Imposition of a stay in this case pending an appeal will continue to cause me financial harm. In particular, I paid over $3,700,000.00 dollars to purchase the interests of all of the individual beneficiaries in the trust that hold the deed of trust held by Gerald Franklin, Trustee (the largest of the four tracts originally sold to Webb Mtn.). . . . The money I paid to purchase these interests was obtained by a loan from Citizens National Bank and I was required to pledge collateral to the bank that was unencumbered at the time. I am paying interest of close to $23,000.00 per month on this loan without having the funds from the payment due from Webb Mtn. that I would have received if Webb Mtn. had complied with the terms of the Conditional Extension.

WHALEY AFF. ¶ 10.

**D**

Finally, with respect to the public interest in granting the stay, the Debtor states that it would not be harmed by granting the Motion For Stay, but, once again, it offers nothing concrete to support this assertion. Furthermore, the proper standard is whether the public interest will be served in granting the motion, not harmed, and the court does not find any way in which this matter, between private parties, affects the public interest.

**III**

In summary, because the Debtor has failed to demonstrate that any of the factors are weighted in its favor, particularly that it possesses a likelihood of success on the merits of its appeal and that it will suffer certain, immediate, likely, or irreparable harm, the Motion For Stay will be denied.

An order consistent with this Memorandum will be entered.

FILED: November 20, 2007

                                        BY THE COURT

                                        */s/ RICHARD STAIR, JR.*

                                        RICHARD STAIR, JR.
                                        UNITED STATES BANKRUPTCY JUDGE